1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\* \* \***

| | | |
|---|---|---|
| SHADOW HILLS PLAZA, LLC, a limited liability company,<br>　　　　　　　　Plaintiff,<br>vs.<br>WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust; DOES I through X, inclusive,<br>　　　　　　　　Defendants.<br>_____<br>WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust,<br>　　　　　　　　Third Party Plaintiff,<br>vs.<br>WADMAN CORPORATION, a Utah corporation, EN ENGINEERING, INC, a California corporation, ROES I through X, inclusive,<br>　　　　　　　　Third Party Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 2:09-cv-01701-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#30) |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Before the Court is Third Party Defendant EN Engineering's ("EN") **Motion to Dismiss Third-Party Complaint** (#30), filed April 19, 2010, and Third Party Defendant Wadman Corporation's ("Wadman") Joinder to it (#31), filed April 23, 2010. The Court has also considered

1   Third Party Plaintiff Wal-Mart's Opposition (#34) and Errata (#35), both filed May 14, 2010;

2   EN's Reply (#36), filed May 7, 2010; and Wadman's Joinder (#36), filed May 24, 2010.

3                                    **BACKGROUND**

4              In 2004, Shadow Hills and Wal-Mart entered into an agreement to develop a

5   shopping center on two adjacent tracts of land, one owned by Shadow Hills and the other owned

6   by Wal-Mart. Wal-Mart agreed to perform the site preparation work for both tracts of land. Wal-

7   Mart retained the engineering design services of EN Engineering and the construction services of

8   Wadman Corporation to provide engineering and construction services for the site preparation.

9              After site preparation was completed, Shadow Hills allegedly noticed a number of

10  deficiencies in the site work. Shadow Hills alleges that the domestic and fire waterlines were in the

11  wrong location, damaged, or nonexistent; that the grade of the Shadow Hills tract was three feet

12  lower than the elevation agreed upon; and that in the process of grading Wal-Mart took soil from

13  the Shadow Hills tract without consent.

14             On July 31, 2009, Shadow Hills filed suit against Wal-Mart in the Eighth Judicial

15  District Court in Clark County, Nevada. Wal-Mart removed the suit to this Court on September 1

16  on the basis of diversity jurisdiction. Shadow Hills seeks damages on thirteen causes of action, all

17  arising out of the allegedly deficient site work and Wal-Mart's allegedly improper conduct towards

18  Shadow Hills.

19             On March 24, 2010, Wal-Mart filed a third party complaint against EN Engineering

20  and Wadman Corporation in this Court. Wal-Mart states three causes of action: (1) contractual

21  indemnification as to EN; (2) contractual indemnification as to Wadman; and (3) contribution.

22  Wal-Mart seeks judgments of indemnity and contribution against EN and Wadman, such that EN

23  and Wadman will be responsible for any damages arising out of the work EN and Wadman

24  performed on the shopping center site.

25             On April 19, 2010, EN filed a motion to dismiss Wal-Mart's complaint, which was

26  joined by Wadman. For the reasons discussed below, the Court denies EN's motion.

**DISCUSSION**

I.     **Legal Standard**

A court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. At 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the Defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

\

\

AO 72
(Rev. 8/82)

## II.     EN's Motion to Dismiss

EN argues that Wal-Mart's complaint must be dismissed because it did not include an affidavit of merit pursuant to NRS 11.258. This Nevada statute requires an attorney filing an "action involving nonresidential construction" to concurrently file an affidavit stating that they have consulted with an expert in the "relevant discipline," and to concurrently file a report prepared by the expert. NRS 11.258 (2008).  An "action involving nonresidential construction" is defined in NRS 11.2565 as an action that:

> (a) Is commenced against a design professional; and
> (b) Involves the design, construction, manufacture, repair or landscaping of a nonresidential building or structure, of an alteration of or addition to an existing nonresidential building or structure, or of an appurtenance, including, without limitation, the design, construction, manufacture, repair or landscaping of a new nonresidential building or structure, of an alteration of or addition to an existing nonresidential building or structure, or of an appurtenance.
> The term includes, without limitation, an action for professional negligence.

EN's motion fails because Wal-Mart's complaint does not satisfy subsection (b) of the above statute. That is, the third party complaint does not directly concern EN and Wadman's design and construction work. Wal-Mart is suing under the provisions of a contract that provides for indemnity; it does not allege that Defendants were negligent or otherwise deficient in their professional activities. Rather, Wal-Mart alleges that, should Defendants be found negligent or otherwise at fault for any damages caused to Shadow Hills, Defendants will bear the costs of damages arising from their conduct. Therefore, because Wal-Mart does not allege professional negligence or error, an affidavit of merit is unnecessary and irrelevant in this situation. Accordingly, the Court denies EN's Motion to Dismiss.

## III.    EN's Request for Oral Argument

Because the Court finds the parties' moving papers sufficient for it to decide their motions, the Court concludes oral argument would not be helpful, and denies EN's request for it.

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that EN's Motion to Dismiss (#30) is DENIED.

Dated:   July 21, 2010

_____
**ROGER L. HUNT**
**Chief United States District Judge**

AO 72
(Rev. 8/82)