# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHADOW HILLS PLAZA, LLC, a Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust; DOES I through X, inclusive,<br><br>    Defendants.<br>_____<br>WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>WADMAN CORPORATION, a Utah corporation; EN ENGINEERING, INC., a California corporation; ROES I through X, inclusive,<br><br>    Third-Party Defendants.<br>_____ | Case No.: 2:09-cv-01701-RLH-GWF<br><br>**O R D E R**<br><br>(Motion for Reconsideration–#41) |

Before the Court is Third-Party Defendant En Engineering, Inc.'s ("En Engineering") **Motion for Reconsideration** (#41), filed August 10, 2010.  The Court has also

/

1

considered Third-Party Plaintiff Wal-Mart Real Estate Business Trust's ("Wal-Mart") Opposition (#43), filed August 27, 2010, and En Engineering's Reply (#44), filed September 7, 2010.

## BACKGROUND

In 2004, Shadow Hills and Wal-Mart entered into an agreement to develop a shopping center on two adjacent tracts of land—one owned by Shadow Hills and the other owned by Wal-Mart. Wal-Mart agreed to perform the site preparation work for both tracts of land. Wal-Mart retained En Engineering to provide engineering design services for the site preparation. After the site preparation was completed, Shadow Hills allegedly noticed several deficiencies in the site work. Accordingly, on July 31, 2009, Shadow Hills filed suit against Wal-Mart in the Eighth Judicial District Court of the State of Nevada. Wal-Mart then removed the suit to this Court on September 1 on the basis of diversity jurisdiction.

On March 24, 2010, Wal-Mart filed a third-party complaint against En Engineering, among others, seeking indemnification and contribution. Wal-Mart claims that En Engineering is contractually obligated to indemnify Wal-Mart for any claim of damages to the extent those damages were caused by En Engineering. On April 19, En Engineering filed a motion to dismiss Wal-Mart's third-party complaint based on Wal-Mart's failure to comply with of NRS § 11.258 and this Court denied that motion. (Dkt. #38, Order, July 21, 2010). En Engineering now challenges the Court's interpretation of § 11.258 and requests the Court to reconsider its July 21 order (#38). For the reasons discussed below, the Court denies En Engineering's motion for reconsideration.

## DISCUSSION

**I.     Third-Party Defendant's Motion for Reconsideration**

    **A.     Legal Standard**

The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory orders. However, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of*

*L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (internal citation omitted). Thus, all district court rulings are subject to revision at any time before the entry of judgment so longs as the court retains jurisdiction over a case." *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (emphasis omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if the district court: (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). On the other hand, motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted).

**B.    Analysis**

The Court denies En Engineering's motion because it merely reiterates arguments that were already raised and rejected in the original motion to dismiss. Furthermore, En Engineering provides no basis of law or fact—other than its own interpretation of § 11.258—to demonstrate a clear error by this Court. En Engineering's disagreement with the Court's interpretation of § 11.258 does not provide a proper basis for its motion. *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977) (motions for reconsideration are not "intended to give an unhappy litigant one additional chance to sway the judge"). Accordingly, the Court denies the motion.

/

/

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Third-Part Defendant En Engineering, Inc.'s Motion for Reconsideration (#41) is DENIED.

Dated: December 6, 2010

_____
ROGER L. HUNT
Chief United States District Judge